Hay, J.
The questions presented upon this record were raised by the demurrer to the petition in the court below. The first two are based upon the supposition that the undertaking of the defendants entered upon the docket of the justice, was unauthorized by the statute, relative to the stay •of execution on judgments rendered by justices of the peace. S. & C. 797, sec. 156. If the court should determine that the undertaking had no effect as a statutory proceeding, the question would still remain whether it is not a valid obligation independent of the statute; if so, these objections of the defendants vanish.
Although the period had elapsed, within which a statutory stay of execution could be procured, the parties to the judgment were competent to secure the same thing in substance, ¿by contract. Such a contract would be neither immoral nor ¡illegal, and might be a valid common law contract, though not ra good statutory undertaking. Croy v. Ohio, Wright’s Sup. Ct. Rep. 135; Barret v. Reed, 2 Ohio Rep. 409; Ohio v. Findley, 10 Ohio Rep. 51; United States v. Bradley, 10 Peters, 359; United States v. Linn, 15 Peters, 290.
The instrument signed by the defendants contains all the •requisites of a valid contract. They thereby “promise and •undertake to pay the amount” of the judgment mentioned -in the record to which it is appended; the name of the party •in whose favor the judgment was rendered, and to whom the amount was legally payable, is mentioned in the instrument. ’The consideration is sufficient, and, in this state, need not be Efitated in the writing. Reed v. Evans, 17 Ohio Rep. 128. *547 l'f, however, the rule were otherwise, a consideration is clearly inferable from the. face of the instrument. Brown on Stat. oí Frauds, secs. 399, 404, 405.
It is a sufficient reply to the claim of the defendants, that the liability of sureties is limited to the exact letter of the contract, to say, that the case made in the petition is within both the letter and spirit of their contract, and that a literal performance of the contract is all that is sought by the action
It is insisted that the instrument was not delivered. It was, however, placed upon the docket of the justice, and no further delivery was contemplated by the parties to make it effective between them; it was, therefore, complete.
The demurrer to the jurisdiction of the court of common pleas is based upon the supposition that the undertaking is a good statutory instrument. The statute provides, that, after the return of an execution unsatisfied, “ the justice shall, unless otherwise directed by the party for whom the execution issued, commence an action on the undertaking for the stay of execution,” etc. S. & C. Stat. 800, see. 172. It is supposed that this confers an exclusive remedy. To hold this, might, in many cases, be a substantial denial of justice to the parties. In general, the jurisdiction of a justice is limited to the county, and can not exceed the bounds of the state. A local change of the surety might leave the other party without a remedy. Such a construction would be against the policy of the law. If the legislature intended to confer any additional jurisdiction by this provision, it was cumulative only to the general remedies of the law. The State v. West, 3 Ohio St. Rep. 509; Herig v. Nougaret, 7 Ohio St. Rep. 480.
The judgment of the court of common pleas is reversed, and the cause remanded for further proceedings.
Bbinkerhoee, O.J., and Scott, White and Welch, JJ., concurred.